JOSEPH A. KURRUS

v.

SIMEON MAYO ET AL.

1. STATEMENT—AUTHORITY OF ATTORNEY—INSTRUCTION.—Suit was brought on an injunction bond, to which defendant pleaded that he had dismissed his suit for injunction in accordance with an agreement with plaintiffs' attorneys that they would dismiss a similar suit on their part, and no liability should be incurred on either bond; and that a judgment had been rendered against him as garnishee in respect to the matter involved in the injunction suit. *Held*, that an instruction that if the jury find that before the

Kurrus v. Mayo.

dismissal of the suits the judgment had been assigned, then such agreement to dismiss would not bind the assignee, was erroneous, as the attorney who made the agreement to dismiss was also attorney for the assignee in making the assignment, and the question of his authority to do so was for the jury to determine.

2. *Held*, that an instruction that the defendant is liable notwithstanding the garnishment, if he had notice of the assignment before service of garnishee process, was erroneous, as tending to lead the jury to suppose that in such a case defendant would be liable regardless of the other issues in the case.

ERROR to the City Court of East St. Louis; the Hon. CHARLES T. WARE, Judge, presiding. Opinion filed August 1, 1879.

Mr. E. R. DAVIS, for plaintiff in error; that an instruction which ignored one branch of the defendant's case was erroneous, cited St. L. & S. E. R. R. Co. v. Britz, 72 Ill. 256.

The affirmative issue was upon the defendant and he had the right to open and close: Kells v. Davis, 57 Ill. 261; Harvey v. Ellithorpe, 26 Ill. 418; Colwell v. Brower, 75 Ill. 516; 79 Ill. 540.

The verdict is so uncertain and contradictory that it can only be made certain by consent of defendant, or another jury: Frazier v. Laughlin, 1 Gilm. 185; Hinckley v. West, 4 Gilm. 136; Bodine v. Swisher, 66 Ill. 536.

Mr. R. J. HARVEY, for defendant in error; that the misdescription in the bond should have been objected to below, cited Clauser v. Stone, 29 Ill. 114; Gillespie v. Smith, 29 Ill. 473; Stone v. Great Western Oil Co. 41 Ill. 86; Conway v. Case, 22 Ill. 139; Davis v. Ransom, 26 Ill. 100; Curtis v. Mars, 29 Ill. 508; Sargeant v. Kellogg, 5 Gilm. 281; Buntain v. Bailey, 27 Ill. 410.

Execution of the bond should be denied under oath : Rev. Stat. 779; Home Flax Co. v. Beebe, 48 Ill. 138; Griswold v. Trustees, 26 Ill. 41.

The bond was subject only to such equities as existed at time of assignment: Safford v. Miller, 59 Ill. 205; Carr v. Waugh, 28 Ill. 418.

Any adjustment after notice of assignment was void as to the assignee: Chapman v. Shattack, 3 Gilm. 49.

In support of instruction as to lack of authority in the attorney to agree to dismissal: People v. Sanborn, 2 Scam. 123; Nolan v. Jackson, 16 Ill. 272; Trumbull v. Nicholson, 27 Ill. 149; Vickery v. McClellan, 61 Ill. 311; Wadhams v. Hieland, 67 Ill. 278.

Not being a party to the garnishment proceeding, the assignee is not bound by that judgment : Cooper v. McClun, 16 Ill. 435; Allen v. Watt, 79 Ill. 284; Heinrod v. Bank, 65 Ill. 435; Hodson v. McConnell, 12 Ill. 170; Carr v. Waugh, 28 Ill. 418.

Plaintiff's fourth instruction, being considered with others qualifying it, was not erroneous: Springdale v. Smith, 24 Ill. 480; Ill. Cent. R. R. Co. v. Swearingen, 47 Ill. 206; Warren v. Dixon, 27 Ill. 115.

If substantial justice has been done, the verdict will not be disturbed: Dishon v. Schorr, 19 Ill. 59; Burling v. Ill. Cent. R. R. Co. 85 Ill. 18; McConnell v. Kibbe, 33 Ill. 176; Curtis v. Sage, 35 Ill. 22; Coursen v. Ely, 37 Ill. 338; Root v. Curtis, 38 Ill. 192; Boynton v. Holmes, 38 Ill. 59; Potter v. Potter, 41 Ill. 80; Rankin v. Taylor, 49 Ill. 451.

An instruction that does not mislead is no ground for reversal: Pierce v. Hasbrouck, 49 Ill. 23; Schlencker v. Risley, 3 Scam. 483; Thorn v. Watson, 5 Gilm. 26.

As to the right to open and close: Harvey v. Ellithorpe, 26 Ill. 418; Mason v. Broom, 24 Geo. 211; Ayer v. Austin, 6 Pick. 225.

General issue or *nil debet* goes to the entire declaration: Puterbaugh's Prac. 589; Van Dusen v. Pomeroy, 24 Ill. 289; Huddle v. Martin, 54 Ill. 258; Vieths v. Hagg, 8 Iowa, 163.

An irregularity in the verdict is not sufficient to set it aside: R. R. I. & St. L. R. R. Co. v. Steele, 69 Ill. 253; Gleason v Henry, 71 Ill. 109.

WALL, J. This was an action in debt, brought by defendant in error against plaintiff in error and John Peter, Fritz Sturner, Christian Lutt and Valentine and Agnes Eustachie, upon an injunction bond given by the Eustachies, as principals, with the other obligors as their sureties, to enjoin the collection of a

judgment in favor of Mayo against the Eustachies, in a proceeding to enforce a mechanic's lien, which judgment Mayo was seeking to collect through a sale of the property, which sale was about to be made by Koerner, as Master in Chancery. The injunction was dissolved, the bill being dismissed by Eustachies, the complainants therein.

The Eustachies pleaded specially, first, that they dismissed their bill in pursuance of an arrangement made with Mayo, who also had an injunction suit pending against them and certain insurance companies, which companies had issued policies of insurance upon the house in controversy, which house had burned, to the effect that both suits for injunction should be dismissed, and that there should be no liability on the bonds given in either; second, that they had been garnisheed at the April term, 1875, of the St. Clair Circuit Court by the Eau Clair Lumber Co., in respect to the said judgment in the said mechanic's lien case; and that judgment had been rendered against them as garnishees of said Mayo for $1,019.85, and that execution had been issued against them on said judgment in the garnishment proceedings.

Defendants, Peter Sturner, Lutt and Kurrus, pleaded *nil debet*, and gave notice that under that plea they would prove as a defense the matters set forth in the two special pleas of their co-defendants, the Eustachies. The record states that the court sustained a demurrer to the first plea filed by Eustachie, which plea does not appear in the record, but is said by counsel, in their brief, to have been *nil debet*.

The plaintiff replied, first, that there was no such agreement as that set out in the first special plea of Eustachie; second, that the attorney of Mayo had no authority to make such an arrangement; third, as to the second special plea, that on the 25th of May, 1875, before the garnishee proceedings were instituted, the said Mayo had assigned his judgment against the Eustachies, and his injunction bond to Eldred & Co., and that Eustachie, on the same day, had notice of the assignment; fourth, that Eldred & Co. were not parties to the garnishee proceedings. Eustachie joined issue upon the first replication; and as to the second replication, rejoined that the attorney of

Mayo had authority to make the agreement, and issue was joined on this by the plaintiff.

As to the third replication, they rejoined that Mayo did not assign his judgment and injunction bond to Eldred, and that they had no notice of such assignment, and issue was joined on this. As to the fourth, they rejoined that Eldred had notice of the garnishee proceedings to which plaintiff demurred, but it does not appear in the record that the court passed upon the demurrer. The case was tried by jury, resulting in a verdict for the plaintiffs for $1,260.20. Objection is made that there was a variance between the date of the bond as alleged in the declaration and that proved, but this is explained by the amended or supplemental record filed at the instance of defendants in error. The main questions of fact upon the pleadings, as they were made up, seem to be: When was Mayo's judgment assigned to Eldred? Was this assignment *bona fide?* Upon what terms did Mayo dismiss his injunction suit? And was Eldred bound by the alleged agreement releasing the bond? The evidence tended to show that Mayo did assign his judgment and bond to Eldred & Co. on the 25th of May, 1875, to secure a debt then due from Mayo to Eldred. R. J. Harvey, acting as the attorney for both Mayo and Eldred, he drawing up the assignment and entering a credit upon the notes held by Eldred, who lived in Chicago, and was not present or cognizant of the proceedings and that the Eustachies were on the same day notified of the assignment; that on the 26th of May, garnishee proceedings were instituted at the instance of Eau Clair Lumber Company, creditors of Mayo, against Eustachie, and that on the 28th of May, 1875, an agreement for the withdrawal of the two injunction suits was entered into by the parties through their attorneys. What this agreement was is in serious dispute. The evidence as to this branch of the case is given mainly by the attorneys for the respective parties. Mr. Hay, attorney for Eustachie, testifies one way, and Mr. Harvey, attorney for Mayo, testifies the contrary. They recollect the matter so differently that it is not apparent how their statements can be reconciled; and in view of this conflict, i is unnecessary to comment farther upon the proofs than to say

that a verdict either way as to this point would not be disturbed.

The court gave for the plaintiffs the following instruction: "If the jury find from the evidence, that when Mr. Harvey, as the attorney of Mayo, agreed to dismiss his suit in equity if Mr. Hay would dismiss, as attorney for Eustachie, their injunction suit, if the injunction bond and judgment in issue in this case had been assigned to Eldred & Co., and notice thereof given, then Mr. Harvey could not bind Eldred & Co. by said agreement."

This is not very clearly drawn, but it would probably be understood by the jury to mean that Mr. Harvey could not have bound Eldred & Co. by an agreement to discharge the bond. It was one of the material questions in the case, whether he had the power to do so, and if so, whether he made such an agreement.

Mr. Harvey was apparently conducting the business for both Eldred and Mayo, using his own judgment as to what was advisable, and was certainly cognizant of all that occurred. It was erroneous to instruct the jury that he could not bind Eldred by the alleged agreement. He certainly might have done so if he was properly authorized; and the circumstances may have been such that Mr. Hay, not being advised of the assignment, would have had the right to suppose that he had full authority. This question, so far as it was a question of fact simply, should have been left to the jury under proper instructions, advising them as to the legal aspect of the point in dispute

The fourth instruction given for plaintiff was as follows: "If the jury find from the evidence that the plaintiffs, Eldred & Co., were not parties to the garnishee proceedings, and that the judgment of Mayo against Eustachie was assigned and notice given Eustachie before the garnishee proceedings were commenced, and the Eustachies had notice of, they will find for the plaintiffs." This would likely mislead the jury to suppose that if the defendant failed to make out the defense of garnishment, then they should find for the plaintiff, regardless of the other issues, which would, of course, be improper. The fifth

was as follows: " If the jury believe that the judgment has not been paid, and the defendants have failed to fulfill their bond without legal excuse, they will find for the plaintiff the amount of the judgment, and six per cent. interest on it." Considering the confused state of the pleadings, and the conflict in the proofs, we think this instruction too general. It left too much to the discretion of the jury, or it is probable it would be so understood by them. They should have been informed what was to be considered as a "legal excuse," and what was not to be so considered. Objections are made to other matters appearing in the record, such as the form of the verdict, etc., which are mere irregularities, and can be corrected on another trial.

We would advise that a re-pleader be awarded and that the pleadings be reformed so as to simplify the issues and present more clearly the points in dispute. The plea of *nil debet* is not properly filed in an action on a specialty, when it is the foundation of the action. If the plaintiff is to be put upon the production of the bond declared on, a plea of *non est factum* should be interposed and special pleas should be drawn to cover the special causes of defense.

The judgment is reversed and the cause remanded.

Reversed and remanded.